## CARPENTER *vs.* PIERCE.

In an action of review, of an action of trespass, commenced by the defendant in the original action, when the jury have first found in favor of the original plaintiff the amount of damages which he is justly entitled to recover, it is thereupon competent for the jury to take into consideration the former verdict, and to ascertain the amount of it; and if the estimated damages are less than the sum of the former verdict, and the difference is merely nominal and immaterial, they may, in their discretion, return a verdict for the amount of the former one.

An error in assigning the reason for an existing rule of law, will not form a sufficient ground for setting aside a verdict, unless it plainly appears that the jury were misled by it—or that injustice has been done in consequence of it—or, at least, that the verdict may in some way have been affected by it.

TRESPASS, tried on review.  The original writ was dated September 10, 1841.  On the former trial, the plaintiff ob-

tained a verdict for $42.09 damages, on which judgment was rendered October term, 1842.

The defendant purchased out a writ of review, November 4, 1842, and the action was again tried upon the general issue.

The court instructed the jury, that it was their duty to try the case on the evidence before them, and determine whether the plaintiff or defendant was entitled to a verdict; and if they found for the plaintiff, to enquire and estimate the amount of damages which they thought the plaintiff ought to recover on the evidence before them, without any reference to the fact that the case had been tried before, and without regarding the amount of damages which the plaintiff recovered on the former trial;—that they could not lawfully take the former verdict, or judgment, into consideration, until they had done this;—but that, when they had settled whether the plaintiff or defendant ought to recover on the law and evidence before them; and when, if they found for the plaintiff, they had estimated the damages which the plaintiff ought to recover on the evidence before them, they might, if they thought proper, take the former verdict into consideration; and, if they found that the sum at which they estimated the damages was a very little below that given on the former trial, they were authorized, if they saw fit, to assess the damages at the same amount as that found by the former jury.

The court farther instructed the jury, that if the amount of the damages as estimated by them was considerably less than that assessed on the former trial, they were not authorized to render their verdict for the same amount; because one legitimate object of a review was, to reduce the damages, where they had been assessed too high on the first trial.

The court remarked to the jury further, that the reason why they were authorized to take the former verdict into consideration, where the difference between their estimate and the former verdict was trifling, was, because a reduction

of the damages would throw the costs of the review upon the plaintiff; and that if the damages were reduced any small sum, even the amount of one cent, the plaintiff would be subjected to all the costs of the review.

The jury returned a verdict for the plaintiff, for $43.00 damages; and the defendant moved to set the same aside, for misdirection of the court, and for a new trial.

*Edwards & Carlton*, for Carpenter.

*Hubbard & D. J. Clark*, for Pierce.

WOODS, J.   Carpenter, the original plaintiff, on the trial of the original action by the jury, prevailed against Pierce, the plaintiff in the present action of review.

The rule of law as to the damages upon review of such cases, in this state, prior to the passage of the act of July 2d, 1838, was one of familiar application in practice, and was the same as that involved in the instructions of the court below to the jury.   Upon finding the just sum of damages due to the original plaintiff, upon the proofs and the law before them, to be less than the sum of the former verdict, and that the difference between the sum thus found and the former verdict was merely trifling and inconsiderable, it was competent for the jury to return a verdict for the precise amount of the former one.

And the same rule of law is still in force, unless it has been abrogated by the provisions of the act referred to.

And the reason for the adoption and application of the rule originally, was undoubtedly the same assigned by that court.

If, upon review, the damages were reduced at all, although merely nominally, and not in fact substantially, the whole burthen of the costs of the action of review was thrown upon the original plaintiff.   Such was the law, upon the language and legal interpretation of the statutes then in force.   Palpable injustice was seen to result from the operation of those

statutes, not foreseen or intended by the legislature. The rule before stated, was adopted for the prevention of such results, and as a means of carrying out the real and manifest design of the statutes upon this subject. By the rule, if, upon the evidence before them, the jury should find the sum due to the original plaintiff to be substantially less than the original verdict, they were bound to return a verdict for such lesser sum. It was only in case of a merely nominal and unsubstantial difference of opinion, that the jury, upon the review, were entitled to enlarge their verdict, by adopting that returned on the original trial.

The effect of the rule was, to cast the expenses of the litigation upon the party reviewing, in those cases in which substantial justice had been done by the former verdict. In that way, exact justice was effected—no provision of law was violated or disregarded—the expenses of the review were awarded only to a party whose rights had been substantially prejudiced by the former finding—while the party moving a review, whose motive, to be inferred from the result, might well be supposed to have been none other than the love of litigation, or the worse one of harassing his antagonist, was compelled to bear the whole burthen of the litigation, as he properly and justly should.

The act of July 2d, 1838, however, has changed the law to some extent, respecting costs in actions of review. It provides, that in case of a reduction of the damages on review, brought by the defendant in the original action, he shall recover of the original plaintiff only so much cost as shall equal the amount of the reduction of the former verdict. No other alteration of the law has been effected by that act, material to be considered in the present case. By the laws in force prior to that time, in such case the original defendant, on reduction of the damages, as we have already seen, threw the whole burthen of the costs of the review of both parties upon the plaintiff in the original action, however small might be the reduction.

The first and principal question, then, which the case presents for consideration is, whether the same rule of law still exists that was in force prior to the statute of July 2d, 1838; or whether it has been abrogated by that act.

In terms, the act does not repeal, or otherwise affect the rule. And the reason of the rule of law is plainly not removed by it. It does not exist, perhaps, to the same extent as before the passage of the act. The principle upon which it was established was, that the sum of the increase of the verdict authorized by the rule, was merely nominal and immaterial;—that it affected of itself the interests neither of the one party nor of the other materially, so far as the damages were involved, but only as to the costs; and by its operation saved the party substantially prevailing from bearing the burthen of the expenses of the litigation.

If the same rule of law he holden still to exist as before, it will not affect the interests of parties materially, excepting as it regards the costs of the review. It will, however, or rather it may, affect the costs materially. If applied, the original plaintiff would not only be relieved from the payment of costs to the amount of the reduction of the verdict, but would also be entitled to recover the expenses of the litigation on his part. If so, the principle, or reason on which the rule of law referred to did rest, still remains. And, in such case, if the reason of the rule be found still to exist, we can see no sound principle on which we are authorized to hold that the rule itself has ceased to exist. And the reason for the rule most clearly does still exist, as we believe we have shown; and although, as we have seen, not to the same extent as before the act, yet so far as to form a sound principle on which to rest the rule.

The rule of law, then, given in charge to the jury was correct.

The reason for the rule, in the terms in which it was stated to the jury, was not the true reason to the extent stated. But the matter of the instruction in this particular, which

forms the ground of exception, was, at most, a wrong reason given for an existing rule of law. It was not stated as a rule of law, but distinctly as a reason upon which the rule rested. But this alone, we think, cannot form a sufficient ground for setting aside a verdict, unless it should also plainly appear that the jury were misled by it, and that injustice has been done in consequence of it, or at least that the verdict has been in some way affected by it.

And it is clear, we think, upon the finding itself, that the jury were not led to the result to which they arrived by the rule of law given them in this particular, nor by the reason assigned for it. The rule stated to them would have led only to the finding a verdict for the precise amount of the former verdict. The verdict found, however, exceeded the former verdict. And we think it is not legitimately to be inferred, that, disregarding the rule, and looking to the reason of it, they arrived at that conclusion, and suffering themselves to be misled by it, found the verdict which was returned. Indeed, the reason assigned for the rule could have had no tendency to lead the jury to find a greater verdict than the former one. It was stated as justifying a verdict for an equal amount only.

But while we think it an unreasonable inference to be drawn from the amount of the verdict, that the jury were misled by the reason assigned for the rule of law given, we deem it entirely reasonable to suppose that the conclusion arrived at was upon another branch of the instructions, and in strict pursuance thereof. The jury were instructed to find first what the real damages were which the plaintiff had sustained. And we entertain no doubt that it was upon this branch of the instructions that the jury found the verdict which was returned. The finding, which was for a greater sum than the former verdict, was well warranted by this portion of the instructions; but, upon any other view of the law presented by the court, must have been either for the same amount as the former verdict, or for a lesser sum.

Carpenter *v*. Pierce.

We are all of opinion that the rule of law as to the damages was correctly stated to the jury, and that, although the reason for the rule that was assigned was, to some extent, erroneous, nevertheless it could have had no tendency to mislead them in their finding, nor in any manner to affect their verdict, and that therefore there must be

*Judgment on the verdict.*